**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: | Case No. 16-10308-SAH |
| OSAGE EXPLORATION AND DEVELOPMENT, INC. | Chapter 11 |
| Debtors. | |

**MOTION OF APOLLO INVESTMENT CORPORATION FOR RELIEF FROM AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY**
**BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Ave., Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movants' attorneys and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f)**.

Apollo Investment Corporation ("Apollo"), pursuant to 11 U.S.C. §§362 and 554 and Bankruptcy Rules 4001, 6007 and 9014, move the Court for entry of an order granting Apollo relief from the automatic stay to allow Apollo to recover its collateral consisting of the proceeds from the sale of the assets of Osage Exploration and Development, Inc. (the "Debtor") and

17137762_1

1

ordering the Debtor to abandon the collateral to Apollo (the "Motion"). In support of the Motion, Apollo states as follows:

## JURISDICTION AND STATUTORY PREDICATE

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of this case and motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for relief herein is 11 U.S.C. §§362 and 554 and Bankruptcy Rules 4001, 6007 and 9014.

## BACKGROUND

3. On February 3, 2016 (the "Petition Date"), the Debtor filed a voluntarily petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case (the "Case"). Since the Petition Date, the Debtor has continued to operate and manage its business as debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

4. On February 29, 2016, the Office of the United States Trustee appointed an unsecured creditor's committee in the Case (the "Committee").

5. On March 9, 2016, this Court entered the Order (A) Establishing Bidding Procedures In Connection With the Sale of Substantially All of the Debtor's Assets, (B) Approving the Form and Manner of Notices, (C) Scheduling Dates for an Auction and Sale Hearing, (D) Authorizing and Approving the Form of a Stalking Horse Asset Purchase Agreement, and (E) Approving Procedures to Determine Cure Amounts Related to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "Bidding procedures Order") [Dkt. 168] establishing, among other things, bidding procedures (the "Bidding Procedures") attached as Exhibit 1 to the Bidding Procedures Order.

6.      Pursuant to the Bidding Procedures, the Debtor held an auction on March 24, 2016, which resulted in Red Bluff Resources Operating, LLC (the "Winning Bidder") submitting the winning bid of $8,400,000. The results of the auction were reported in the Notice of Auction Result and Report of Sale (the "Notice of Auction Result") [Dkt. 204] filed March 24, 2016. A copy of the Asset Purchase Agreement was attached to the Notice of Auction Result. The sale to the Winning Bidder was approved by the Court on March 31, 2016 (the "Sale order") [Dkt. 228].

7.      Pursuant to the Sale Order, on April 15, 2016, the Debtor closed the sale to the Winning Bidder and as a result received and is holding net cash proceeds of $5,888,760.99 (the "Sale Proceeds"). The Debtor is obligated to pay cure costs for the assumption of executory contracts and unexpired leases of $66,785.61 and the expense reimbursement of the Stalking Horse which has been requested in the amount of $52,611.89. *See* Notice of Closing [Dkt. 247] filed April 20, 2016; Amended Application for Order Allowing Administrative Expense Claim [Dkt. 254] filed by U.S. Energy Development Corporation on April 25, 2016. Thus, the Debtor is holding net sale proceeds of $5,769,363.49.

8.      The Bidding Procedures Order established an allocation of the purchase price among the various assets being sold. The Purchase Price Allocation based upon the final auction price is set forth on Schedule 3 to the Asset Purchase Agreement attached to the Notice of Auction Result [Dkt. 204-2]. The sale proceeds allocated to the Everest Well were $887,748.00 (the "Everest Well Proceeds") with the remaining net sale proceeds of $4,881,615.99 allocated to the other assets (the "Apollo Sale Proceeds"). The Everest Well Proceeds will continue to be held by the Debtor pending further order of the Court.

## FACTUAL BASES FOR MOTION

9. Apollo holds valid, enforceable, non-avoidable and allowed claims against the Debtor in an aggregate amount equal to at least $25,000,000 of unpaid principal, plus accrued and unpaid interest, fees, costs and other charges and obligations. Apollo's claims are secured by non-avoidable, valid, perfected, first priority liens, mortgages and security interests in all of the Debtor's assets except as noted below. *See* the Debtor's Stipulations contained in the Final Order Authorizing Limited Use of Cash Collateral, Obtaining Post-Petition Credit Secured by Senior Liens, and Granting Adequate Protection to Existing Lienholders (the "Final DIP Order" at ¶9) [Dkt. 137] entered February 26, 2016. Pursuant to ¶ 77 of the Final DIP order, any party-in-interest other than the Debtor had until March 21, 2016, (the "Challenge Deadline" which was the day before the deadline for submission of bids) within which to commence a challenge to the extent, validity, perfection, amount, or allowability of Apollo's claims or security interests arising out of its prepetition claim documents. The Challenge Deadline was extended for the Committee only until April 30, 2016, but the Committee has determined not to pursue a challenge to the liens, claims and priorities of Apollo. *See* Withdrawal of Document [Dkt. 235] filed April 14, 2016. Accordingly, the Challenge Deadline has either lapsed or been waived by all parties and no challenges to Apollo's claims have been filed.

10. Apollo's liens, mortgages and security interests have first priority in all of the Debtor's assets except with respect to the Everest Well and with respect to liens of Canary Drilling totaling $98,405.65 on the George Plagg 1-18 Well, the George Plagg 1-19 Well, the McNally 1-20 Well, and the McNally 1-19 Well and a lien of Diamond Oil Field for $970.00 on the George Plagg 1-18 Well (the "Canary and Diamond Prior Liens"). As part of his duties as the chief restructuring officer for the Debtor, David Payne analyzed the priority of liens filed

against the Debtor's assets and testified concerning his findings both in person and in the Declaration of David Payne that was admitted as Exhibit 2 at the hearing on the first day motions held February 9, 2016. Mr. Payne prepared a summary of his findings concerning priority of liens which was admitted as Exhibit 9 at the hearing. As noted in Mr. Payne's testimony and in Exhibit 9, Apollo's liens, mortgages and security interests have first priority except as noted above.

11. Apollo's priority arises from mortgages and supplements to the mortgages filed April 27, 2012, May 3, 2012, June 11, 2012, August 28, 2012, November 13, 2012, June 14, 2013, July 31, 2013, December 23, 2013, May 29, 2014, October 21, 2014, and April 21, 2015. Apollo has also perfected its security interests by filing of UCC Financing Statements in Delaware on April 30, 2012 and in Oklahoma on May 2, 2012.

12. Apollo holds the first priority lien and security interest in the Apollo Sale Proceeds subject only to the Canary and Diamond Prior Liens which Apollo will pay. In addition, Apollo holds the first priority lien and security interest in any operating funds that the Debtor has retained to the extent that such funds are ultimately not used by the Debtor in operations pursuant to the budget and the Carveout (the "Apollo Net Operating Funds"). The Debtor has ceased operations and has sold substantially all of its assets. The Debtor has no ability to provide Apollo adequate protection for its interest in the Apollo Sale Proceeds and the Apollo Net Operating Funds. Further, as the amount of the prepetition debt owed to Apollo greatly exceeds the amount of the Apollo Sale Proceeds and the Apollo Net Operating Funds, the Debtor lacks equity in those proceeds and no effective reorganization is possible. Pursuant to 11 U.S.C. §364(d), Apollo is entitled to relief from the automatic stay to allow Apollo to recover the

Apollo Sale Proceeds and the Apollo Net Operating Funds subject only to payment of the Canary and Diamond Prior Liens.

13. Pursuant to 11 U.S.C. §554, Apollo is entitled to an order directing the Debtor to abandon the Apollo Sale Proceeds and the Apollo Net Operating Funds. Because the claim of Apollo greatly exceeds the amount of the Apollo Sale Proceeds and the Apollo Net Operating Funds, such funds are of inconsequential value and benefit to the estate and are burdensome to the estate.

### RELIEF REQUESTED

14. By this Motion, Apollo requests the Court to enter an order pursuant to 11 U.S.C. §§364(d) and 554 granting Apollo relief from the automatic stay to allow Apollo to foreclose its lien and security interests in and to repossess the Apollo Sale Proceeds and the Apollo Net Operating Funds and ordering that the Debtor abandon any interest in those funds. Apollo will pay the Canary and Diamond Prior Liens from the Apollo Sale Proceeds.

WHEREFORE, Apollo moves the Court for an order granting relief from the automatic stay and ordering abandonment of the Apollo Sale Proceeds and Apollo Net Operating funds as outlined above.

/s/ Steven W. Bugg
Steven W. Bugg, OBA #1299
McAfee & Taft, A Professional Corporation
10th Fl., Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma  73102
Telephone:  405/235-9621
Facsimile:  405/235-0439
Email:  steven.bugg@mcafeetaft.com

Attorneys for Apollo Investment Corporation

17137762_1